Ludeling, C. J.
In March, 1870, the State ex rel. Elias George instituted suit against Tucker, under the intrusion act of 1868, to recover the office of recorder of the parish of Tangipahoa.
This suit was decided in favor of George. See 23 An. 139.
While that suit was pending, George sued Tucker and injoined him from receiving the fees of the office during the pendency of the suit. The injunction was set aside by Tucker giving a release bond, with Taylor and two others as sureties.
On the trial of the suit between George and Tucker, there was judgment in favor of George for the fees received by him, etc. Taylor, alleging an interest in this judgment, has appealed. Tucker has not appealed.
He says that the injunction was unauthorized by law; that the proceedings under it are void; that the bond setting aside the injunction is not binding. And in support of his positions he cites Terry v. Stauffer, 17 An. 306; Voisin et als. v. Leche et als., 23 An. 25; 23 An. 61.
These cases do not support the positions for which they are cited. '
*68 He further contends, that George could not sue for his fees of office without the interposition of the* Attorney General or district attorney in his behalf.
The State having instituted proceedings to oust the intruder from the office and to install George therein, we can perceive no good reason why George could not take all necessary steps to preserve his rights to the fees of the office to which he had the legal title. The State was interested in seeing that no one should intrude into a public office, but it had no interest in the fees of the office.
It is therefore ordered that the judgment be affirmed with costs of appeal.